Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PERALES, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRAVIA HOLDINGS, INC., JONATHAN S. WOLFSON, APU MODY, and TYLER W. PAINTER,<br><br>    Defendants. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Ruben Perales ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, announcements, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding TerraVia Holdings, Inc. ("TerraVia" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that

- 1 -
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

1   substantial evidentiary support will exist for the allegations set forth herein after a reasonable

2   opportunity for discovery.

3                                    **NATURE OF THE ACTION**

4       1.      This is a federal securities class action on behalf of a class consisting of all

5   persons other than Defendants who purchased or otherwise acquired TerraVia securities between

6   August 8, 2016 and November 7, 2016, both dates inclusive (the "Class Period"), seeking to

7   recover compensable damages caused by Defendants' violations of the federal securities laws

8   and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

9   (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

10                              **JURISDICTION AND VENUE**

11      2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of

12  the Exchange Act (15 U.S.C. §§78j(b), 78b-1 and 78t(a)) and Rule 10b-5 promulgated

13  thereunder by the SEC (17 C.F.R. §240.10b-5).

14      3.      This Court has jurisdiction over the subject matter of this action pursuant to 28

15  U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

16      4.      Venue is proper in this District pursuant to Section 27 of the Exchange Act (15

17  U.S.C. §78aa), and 28 U.S.C. §1391(b) as the Company maintains its headquarters and

18  conducts business in this District.

19      5.      In connection with the acts, conduct, and other wrongs alleged in this Complaint,

20  Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

21  including but not limited to, the United States mails, interstate telephone communications and

22  the facilities of the national securities exchange.

23                                         **PARTIES**

24      6.      Plaintiff Ruben Perales, as set forth in the accompanying certification,

25  incorporated by reference herein, purchased TerraVia securities at artificially inflated prices

26  during the Class Period and has been damaged thereby.

27

28

---

- 2 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

7.      Defendant TerraVia is a company that creates and sells food, nutrition, and specialty ingredients from algae. Its platform uses microalgae to produce high-value triglyceride oils, proteins, fibers, micronutrients, and other ingredients. The Company offers products, such as specialty food and nutrition ingredients, animal nutrition ingredients, and specialty personal care ingredients, as well as consumer-focused food products. The company was formerly known as Solazyme, Inc. and changed its name to TerraVia Holdings, Inc. in May 2016. TerraVia was incorporated in Delaware in 2003 and is headquartered at 225 Gateway Boulevard, South San Francisco, CA 94080. The Company's common stock is listed on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "TVIA.".

8.      Defendant Jonathan S. Wolfson ("Wolfson") is a co-founder and the Chairman of the board of directors during the entire Class Period. Wolfson was TerraVia's Chief Executive Officer ("CEO") from 2008 to on or about August 21, 2016.

9.      Defendant Apu Mody ("Mody") is the CEO of TerraVia since on or about August 22, 2016 through the end of the Class Period.

10.     Defendant Tyler W. Painter ("Painter") is the Chief Financial Officer ("CFO") since 2007 and Chief Operating Officer ("COO") of TerraVia since 2014.

11.     Defendants Wolfson, Mody and Painter are sometimes collectively referred to herein as "Individual Defendants."

12.     Each of the Individual Defendants:

       (a)     directly participated in the management of the Company;

       (b)     was directly involved in the day-to-day operations of the Company at the highest levels;

       (c)     was privy to confidential proprietary information concerning the Company and its business and operations;

       (d)     was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1    (e)    was aware of or recklessly disregarded the fact that the false and

2           misleading statements were being issued concerning the Company; and

3    (f)    approved or ratified these statements in violation of the federal securities

4           laws.

5    13.    TerraVia is liable for the acts of the Individual Defendants and their employees

6 under the doctrine of *respondeat superior* and common law principles of agency because all of

7 the wrongful acts complained of herein were carried out within the scope of their employment.

8    14.    The scienter of the Individual Defendants and other employees and agents of

9 TerraVia are similarly imputed to TerraVia under *respondeat superior* and agency principles.

10    15.    Defendants TerraVia, Wolfson, Mody, and Painter are referred to herein as

11 "Defendants."

12                          **SUBSTANTIVE ALLEGATIONS**

13                  **Materially False and Misleading Statements**

14    16.    The Company provides the following descriptions of its products on its official

15 website:

16    •    Our microalgae-based protein platform leverages fermentation technology to

17         produce highly nutritious, naturally derived, minimally processed ingredients with

18         **outstanding consistency**.[1]

19    •    AlgaVia® Whole Algae Ingredients provide **an array of benefits** that can make

20         reduced-fat foods taste richer, vegan protein fortification simpler and the

21         reduction of saturated fat with great taste and texture possible. Experience a food

22         revolution that makes the future bolder and brighter.[2]

23    •    AlgaVia® Whole Algae Ingredients **help make delicious foods that are better for**

24         **people and inspire solutions for a better planet**.[3]

25

26

_____

27 [1] http://algavia.com/wp-content/uploads/2014/11/ProteinRich.pdf
   [2] http://algavia.com/

28 [3] http://algavia.com/

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

- [Lipid Rich Whole Algae] **Deliver healthier, indulgent products without compromise**.[4]

- AlgaVia® Protein-Rich Whole Algae is vegan, **free of known allergens** and gluten-free—with additional fiber, lipids, carbohydrates and micronutrients.[5]

- AlgaVia® Protein-Rich Whole Algae delivers a unique set of functional and nutritional benefits.

  o   Whole food ingredient

  o   **Free of known allergens**

  o   Sustainable, naturally-derived

  o   Contains all essential amino acids

  o   Adds dietary fiber, healthy lipids[1] and micronutrients to food products

  o   Gluten-free, non-GMO and vegan

  o   Manufactured in the U.S.

  o   FDA GRAS No Questions Letter received

  o   **High protein digestibility**

  o   Zero to minimal impact on the texture or viscosity of a finished product

  o   Stable in a variety of temperatures and pH conditions[6]

(Emphasis added).

17.     On August 8, 2016, the Company filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended June 30, 2016 (the "2Q 2016 10-Q"). The 2Q 2016 10-Q was signed by Defendant Painter. The 2Q 2016 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Wolfson and Patiner attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud. The 2Q 2016 10-Q stated in relevant part:

---

[4] http://algavia.com/ingredients/
[5] http://algavia.com/ingredients/
[6] http://algavia.com/ingredients/proteins/

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

Our food oils are formulated to offer a variety of functional benefits such as enhanced structuring capabilities and stability while providing robust formulation and process flexibility. These food oils have the potential to improve upon conventionally utilized specialty fats and oils and our high oleic algae oil has received an FDA generally recognized as safe (GRAS) "No Questions" letter. Currently, these oils are commercially available in our AlgaWise® branded food oil platform and in our consumer culinary oil Thrive® brand. In addition, we have developed novel methods of preparing powdered forms of triglyceride oils and vegan proteins, and our powdered ingredients are composed of unmodified whole algae cells. AlgaVia® Lipid Powder (commonly known as whole algae flour) and AlgaVia® Protein (commonly known as whole algae protein) are whole algae ingredients that can improve the nutritional profile of foods and beverages. AlgaVia®Lipid Powder is a new fat source that allows for the reduction or replacement of dairy fats, oils, and eggs. AlgaVia® Protein is a new vegan source of protein that is free of known allergens and gluten. Both AlgaVia®Lipid Powder and Protein can be used across a range of applications such as beverages (ready-to-drink and powdered), bakery, snacks, bars, dressings, sauces and frozen desserts and have received FDA GRAS "No Questions" letters. In May 2016, we and Bunge announced that we launched a native, whole algae DHA, docosahexaenoic acid, a long chain omega-3 fatty acid as a sustainable specialty feed ingredient, prioritizing the aquaculture market.

18.     On November 4, 2016, the Company filed a quarterly report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended September 30, 2016 (the "3Q 2016 10-Q"). The 3Q 2016 10-Q was signed by Defendant Painter. The 3Q 2016 10-Q contained signed SOX certifications by Defendants Mody and Patiner attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud. The 3Q 2016 10-Q stated in relevant part:

Our food oils are formulated to offer a variety of functional benefits such as enhanced structuring capabilities and stability while providing robust formulation and process flexibility. These food oils have the potential to improve upon conventionally utilized specialty fats and oils and our high oleic algae oil has received an FDA generally recognized as safe (GRAS) "No Questions" letter. Currently, these oils are commercially available in our AlgaWise®branded food oil platform and in our consumer culinary oil Thrive® brand. In addition, we have developed novel methods of preparing powdered forms of triglyceride oils and vegan proteins, and our powdered ingredients are composed of unmodified whole algae cells. AlgaVia® Lipid Powder (commonly known as whole algae flour) and

- 6 -
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

AlgaVia® Protein (commonly known as whole algae protein) are whole algae ingredients that can improve the nutritional profile of foods and beverages. AlgaVia® Lipid Powder is a new fat source that allows for the reduction or replacement of dairy fats, oils, and eggs. AlgaVia® Protein is a new vegan source of protein that is free of known allergens and gluten. Both AlgaVia® Lipid Powder and Protein can be used across a range of applications such as beverages (ready-to-drink and powdered), bakery, snacks, bars, dressings, sauces and frozen desserts and each ingredient received a FDA GRAS "No Questions" letter. In May 2016, we and Bunge announced that we launched a native, whole algae DHA, docosahexaenoic acid, a long chain omega-3 fatty acid as a sustainable specialty feed ingredient, prioritizing the aquaculture market.

19.     The statements contained in ¶¶ 16-18 were materially false and/or misleading when made because Defendants failed to disclose or indicate that: (1) TerraVia's products caused gastrointestinal distress, such as nausea and vomiting; and (2) as a result, Defendants' statements about TerraVia's business, operations, and prospects were false and misleading and/or lacked a reasonable basis at all relevant times.

**The Truth Emerges**

20.     On November 7, 2016, *Bloomberg* published an article entitled "Soylent Thinks It Found What Was Making People Sick: Algae", stating that Rosa Foods, Inc.'s flagship meal replacement drink, Soylent, contains an algal flour ingredient provided by TerraVia that causes consumers to become sick, namely nausea vomiting, and that Rosa Foods will be removing the ingredient altogether from its product formulations by early 2017. Despite TerraVia Senior Vice President Mark Brooks' adamant denial that TerraVia's algal flour was responsible, *Bloomberg* further reported that TerraVia sent a letter in July to a distributor of Honey Stinger, a Colorado energy bar company owned by EN-R-G Foods, LLC, **"warning that it had received a 'modest number of reports' showing that algal protein can cause 'gastrointestinal distress,' according to a copy seen by Bloomberg"**—similar ailments to those reported by Soylent customers. (Emphasis added)

21.     On this news, shares of TerraVia's fell $0.15 per share or over 8% to close at $1.70 per share on November 7, 2016, damaging investors.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

22.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired TerraVia securities traded on NASDAQ during the Class Period; and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, the Company's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by TerraVia or its transfer agent, and may be notified of the pendency of this action by mail using a form of notice customarily used in securities class actions.

25.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

27.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- 8 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of TerraVia;

- whether the Individual Defendants caused TerraVia to issue false and misleading statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading statements;

- whether the prices of TerraVia securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

29.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- TerraVia securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

1

- the Company traded on NASDAQ, and was covered by multiple analysts;

2

- the misrepresentations and omissions alleged would tend to induce a reasonable

3

investor to misjudge the value of the Company's securities; and

4

- Plaintiff and members of the Class purchased and/or sold TerraVia securities

5

between the time the Defendants failed to disclose or misrepresented material

6

facts and the time the true facts were disclosed, without knowledge of the omitted

7

or misrepresented facts.

8

30.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a

9

presumption of reliance upon the integrity of the market.

10

31.    Alternatively, Plaintiff and the members of the Class are entitled to the

11

presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State*

12

*of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material

13

information in their Class Period statements in violation of a duty to disclose such information,

14

as detailed above.

15

**COUNT I**

16

**Violation of Section 10(b) Of**
**The Exchange Act Against and Rule 10b-5**
**Promulgated Thereunder Against All Defendants**

17

18

32.    Plaintiff repeats and realleges each and every allegation contained above as if

19

fully set forth herein.

20

33.    During the Class Period, Defendants carried out a plan, scheme and course of

21

conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing

22

public, including plaintiff and other Class members, as alleged herein; and (2) cause plaintiff and

23

other members of the Class to purchase TerraVia's securities at artificially inflated prices.  In

24

furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them,

25

took the actions set forth herein.

26

34.    Defendants (a) employed devices, schemes, and artifices to defraud; (b) made

27

untrue statements of material fact and/or omitted to state material facts necessary to make the

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for TerraVia's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

35.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of TerraVia as specified herein.

36.     These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of TerraVia value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about TerraVia and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of TerraVia securities during the Class Period.

37.     Each of the Defendants' primary liability, and controlling person liability, arises from the following facts: (1) Individual Defendants were high-level executives, directors, and/or agents of the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

38.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly.

39.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of TerraVia's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of TerraVia's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclose in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired TerraVia securities during the Class Period at artificially high prices and were or will be damaged thereby.

40.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding TerraVia financial results, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their TerraVia securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

- 12 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

41.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

42.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

43.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

**COUNT II**
**Violation of Section 20(a) Of**
**The Exchange Act Against Individual Defendants**

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.     Individual Defendants are sued herein as a controlling person of TerraVia.

46.     By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness and/or intimate knowledge of the misleading statements disseminated to the investing public, these defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the primary violator, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  In particular, each defendant had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

47.     As set forth above, TerraVia violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

48.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

49.     This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Class Counsel;

B.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


Dated: November 16, 2016                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            /s/ Laurence M. Rosen
                                            Laurence M. Rosen, Esq. (SBN 219683)
                                            355 S. Grand Avenue, Suite 2450
                                            Los Angeles, CA 90071
                                            Telephone: (213) 785-2610
                                            Facsimile: (213) 226-4684
                                            Email: lrosen@rosenlegal.com

                                            Counsel for Plaintiff

- 14 -