Patrick V. Dahlstrom (*Pro Hac Vice*)
Louis C. Ludwig (*Pro Hac Vice)*
**POMERANTZ LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:    (312) 377-1181
Facsimile:    (312) 377-1184
E-mail:        pdahlstrom@pomlaw.com
               lcludwig@pomlaw.com

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TERRAVIA HOLDINGS, INC., SECURITIES LITIGATION | Case No.: 16-cv-06633-JD<br><br>**CLASS ACTION**<br><br>Hon. James Donato<br><br>**LEAD PLAINTIFFS' MOTION TO LIFT BANKRUPTCY STAY WITH RESPECT TO THE INDIVIDUAL DEFENDANTS** |

**PLEASE TAKE NOTICE** that on October 12, 2017 at 10:00 a.m. before the Honorable James Donato in Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Craig Taffel ("Taffel"), Casey Minnick ("Minnick"), Dimitrios Daniil ("Daniil"), Ali Alkhateeb ("Alkhateeb"), and Yisroel Lieber ("Lieber") (collectively, the "Lead Plaintiffs") through their counsel, will, and do move this Court for an Order lifting the stay entered by the Court in the above-captioned litigation (the "Action") on August 9, 2017 with respect to Defendants Apurva S. Mody ("Mody"), Tyler W. Painter ("Painter"), and Johnathan S. Wolfson ("Wolfson") (collectively, the "Individual Defendants") and re-opening the Action for further proceedings.

In support of this Motion, Lead Plaintiffs respectfully submit the following Memorandum of Points and Authorities and the Proposed Order filed herewith.

Dated: August 18, 2017

Respectfully submitted,
**POMERANTZ LLP**

By: */s/ Louis C. Ludwig*
Patrick V. Dahlstrom
Louis C. Ludwig
Ten South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail:  pdahlstrom@pomlaw.com
E-mail:  lcludwig@pomlaw.com

**POMERANTZ, LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile:   (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com

*Lead Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A**.
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**LEVI & KORSINSKY LLP**
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: (212) 363-7500
Fax: (212) 363-7171

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: shopkins@zlk.com

*Additional Counsel for Plaintiffs*

Patrick V. Dahlstrom (*Pro Hac Vice*)
Louis C. Ludwig (*Pro Hac Vice*)
**POMERANTZ LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:      (312) 377-1184
E-mail:           pdahlstrom@pomlaw.com
                     lcludwig@pomlaw.com

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TERRAVIA HOLDINGS, INC., SECURITIES LITIGATION | Case No.: 16-cv-06633-JD<br><br>**CLASS ACTION**<br><br>Hon. James Donato<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO LIFT BANKRUPTCY STAY WITH RESPECT TO THE INDIVIDUAL DEFENDANTS** |

## I.   INTRODUCTION

This is a federal securities class action on behalf of purchasers of TerraVia Holdings, Inc. ("TerraVia" or the "Company") securities between May 4, 2016 and November 6, 2016 (the "Class Period") seeking to recover damages for violations of the Securities and Exchange Act of 1934 ("Exchange Act"). The defendants are TerraVia; Wolfson, its former Chief Executive Officer ("CEO"); Mody, its current CEO; and Painter, its Chief Financial Officer ("CFO") and Chief Operating Officer ("COO") (collectively, the "Defendants"). The Court collectively appointed Taffel, Minnick, Daniil, Alkhateeb, and Lieber as Lead Plaintiffs on April 7, 2017. Pursuant to the Court's schedule (ECF No. 36), Lead Plaintiffs filed a Consolidated Amended

Complaint on April 26, 2017.  ECF No. 39.  TerraVia and the Individual Defendants moved to dismiss the Consolidated Amended Complaint on May 26, 2017.  ECF No. 41.  Lead Plaintiffs filed their opposition to the pending motion to dismiss on June 26, 2017.  ECF No. 45.  Briefing on the motion to dismiss concluded on July 17, 2017, when Defendants filed their reply.  ECF No. 47.  A hearing on the motion was scheduled for August 24, 2017.

On August 2, 2017, TerraVia filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code (the "voluntary bankruptcy petition") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on behalf of itself and affiliated companies Solazyme Brazil LLC and Solazyme Manufacturing 1, LLC (collectively, the "Debtors").  *See* ECF No. 48.  TerraVia is the only Debtor that is a party to this Action.  On August 7, 2017, counsel for Defendants in the Action filed a Notice of Automatic Stay pursuant to 11 U.S.C. § 362 in this Action (the "Notice.").  *Id.*  According to the Notice, the voluntary bankruptcy petition enjoins and restrains certain acts and proceedings, including judicial proceedings, against any of the Debtors or their property as provided in 11 U.S.C. § 362, unless relief from the automatic stay is first granted by the Bankruptcy Court.  On August 9, 2017, this Court stayed the Action in its entirety for all Defendants, ordering that the parties jointly advise the Court in ninety days of the status of the bankruptcy proceedings.  ECF No. 49.  Pending a further order, the Action remains administratively closed.  *Id.*

II.  **ARGUMENT**

    A.  **This Case Should Not Be Stayed For The Non-Debtor Defendants**

Absent "special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987); *see also Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir. 1997) (In appeal of dismissal of securities class action complaint, court held that "[t]he automatic stay does not preclude us from deciding this appeal with regard to all parties other than [the bankrupt party], and we now proceed to do so."). Here, TerraVia's voluntary bankruptcy petition does not operate as a stay of this Action with respect to the non-Debtor Defendants, *i.e.*, the Individual Defendants.  *See, e.g., In re U.S. Aggregates, Inc.*, No. C 01-1688 CW, 2003 U.S.

Dist. LEXIS 12168, at *3 (N.D. Cal. Jan. 24, 2003) (denying non-debtor defendants' motion to dismiss securities class action complaint, despite the fact that case against debtor company had been stayed under federal bankruptcy laws); *In re Gray*, 230 B.R. 239 (S.D.N.Y. 1999) (holding that bankruptcy of corporation did not preclude continuation of securities fraud lawsuit against corporate debtor's principal and sole shareholder). Indeed, the Individual Defendants will suffer no prejudice or burden by moving forward in this Action – they are each covered by directors and officers ("D&O") liability insurance policies payable for legal claims made against them in their respective capacities as board members, directors, officers, and/or managers of TerraVia.

The Bankruptcy Code was never intended to be used as a shield behind which non-debtor officers and directors of the debtor corporation could hide their violations of the federal securities laws. *See In re Donovan*, No. 06-11183-RS, 2006 Bankr. LEXIS 1694, at *6 (Bankr. D. Mass. Aug. 7, 2006) (bankruptcy "is not a refuge for nondebtor parties to resist creditor action against property that is neither property of the estate nor of the Debtor"). Consistent with Ninth Circuit authority, courts in this Circuit have refused to extend § 362's automatic stay to non-debtor defendants in a securities class action. In *Duval v. Gleason*, purchasers and holders of certain real estate limited partnerships filed a securities class action against Equitec Financial Group, Inc., and several named officers and directors of Equitec entities. When the Equitec entities filed for bankruptcy, the defendants argued that the automatic stay under § 362 should apply to both the Equitec defendants and the non-debtor individual defendants. *See Duval v. Gleason*, 1990 U.S. Dist. LEXIS 18398, *1-4, Bankr. L. Rep. (CCH) P73,721, Fed. Sec. L. Rep. (CCH) P95,694 (N.D. Cal. Oct. 19, 1990).

The court squarely rejected this argument, explaining that to hold otherwise would allow malfeasant corporate officers and directors to escape civil prosecution for their fraud. *Id.* at *4; *see also In re AgriBioTech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5643, *5, 2000 WL 35595963 (D. Nev. Mar. 2, 2000) (citing cases):

> The Court is aware that AgriBioTech filed a voluntary petition for Chapter 11 relief on January 25, 2000. Pursuant to 11 U.S.C. § 362, this petition automatically stays all non-bankruptcy litigation against debtor AgriBioTech … The stay does not, however, preclude this Court from considering evidentiary disputes or claims implicating non-debtor co-defendants, such as the debtor corporation's officers and

directors.

*Id.*

Here, the voluntary bankruptcy petition has been filed only on behalf of TerraVia and affiliated companies, and not the non-Debtor Individual Defendants. Accordingly, all of the claims against the Individual Defendants remain and are unaffected by both the voluntary bankruptcy petition and the automatic stay. Defendants themselves recognize this limitation on the scope of the stay: noticeably missing from the Notice is any assertion that the stay applies to the claims advanced against the Individual Defendants.

### B.  Plaintiffs Will Be Prejudiced By A Stay Of This Action

A significant delay in the prosecution of the Action will likely make it more difficult to deliver the proceeds of any recovery to class members, effectively depriving them of their day in court. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 n.16 (1977) ("it is 'essential in the administration of our system of justice, that litigants should have their day in court'") (quoting *Am. Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co.*, 3 F.R.D. 162, 164 (S.D.N.Y. 1942)). This is particularly true because, with the Action stayed, the aforementioned D&O insurance, which aside from the bankruptcy estate is the Class's primary source of a potential recovery, could be treated as an asset in bankruptcy and dissipated in the course of the Company's liquidation.

Moreover, enlarging the automatic stay to cover the non-bankrupt Individual Defendants would exacerbate the delay in discovery under the Private Securities Litigation Reform Act ("PSLRA"), which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4. Thus, under the PSLRA, Lead Plaintiffs have not had the opportunity to conduct any discovery. Extending the automatic bankruptcy stay to the Individual Defendants' pending motion to dismiss will needlessly protract this litigation and prejudice Lead Plaintiffs and the Class, by effectively denying *all* discovery while the Company's liquidation is considered. Finally, if the Action is stayed for any significant length of time, critical information and knowledge may well be lost. Human recollection inevitably fades as time passes, and pertinent documents currently in the possession of the non-Debtor Defendants might be lost or

1  discarded, even inadvertently.

2  **III.    CONCLUSION**

3        For the reasons set forth above, the Court should find that the automatic bankruptcy stay does not apply to the non-Debtor Individual Defendants, lift the stay with respect to them, and re-open the Action for further proceedings.

Dated: August 18, 2017

                              Respectfully submitted,

                              **POMERANTZ LLP**

By: */s/ Louis C. Ludwig*
Patrick V. Dahlstrom
Louis C. Ludwig
Ten South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail:  pdahlstrom@pomlaw.com
E-mail:  lcludwig@pomlaw.com

**POMERANTZ, LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com

*Lead Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A**.
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450

Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**LEVI & KORSINSKY LLP**
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Louis C. Ludwig, hereby declare under penalty of perjury as follows:

I am an attorney at Pomerantz LLP, located at 10 South LaSalle, Suite 3505 Chicago, IL 60603.  I am over the age of eighteen.

On August 18, 2017, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO LIFT BANKRUPTCY STAY WITH RESPECT TO THE INDIVIDUAL DEFENDANTS**.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on August 18, 2017.

/s/ Louis C. Ludwig

MOT. & MEM. OF P&A TO LIFT BANKRUPTCY STAY
CASE NO. 16-cv-06633-JD