1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE TERRAVIA HOLDINGS, INC.          Case No.  16-cv-06633-JD
     SECURITIES LITIGATION
8
                                            **ORDER TO SHOW CAUSE**
9

10

11

12

13          In this consolidated securities class action against TerraVia Holdings, Inc. and its former

14   officers, the Court appointed the TerraVia Investor Group as lead plaintiffs under the PSLRA, and

15   "Pomerantz LLP as sole lead counsel for the putative class."  Dkt. No. 38.  The Court made the

16   appointment in reliance on the Pomerantz law firm's submission of a firm resume which

17   represented that "Pomerantz LLP is one of the nation's foremost specialists in corporate,

18   securities, antitrust and ERISA class litigation."  Dkt. No. 10-6 at 1.  The firm resume listed the

19   names and profiles of 39 attorneys who work for the firm.  *Id*. at 12-39.

20          Since the appointment, the Pomerantz firm's handling of this case on behalf of the putative

21   class has been very troubling.  In June 2020, the firm filed a second amended class action

22   complaint, Dkt. No. 91, which was neither permitted as a matter of right under the Federal Rules

23   of Civil Procedure nor authorized by the Court.

24          On September 1, 2020, the parties jointly reported that they had "signed a binding term

25   sheet relating to the settlement of this action," and that the parties would endeavor to get a

26   settlement agreement signed within 45 days and that lead plaintiffs would "use their best efforts to

27   file . . . a motion for preliminary approval . . . within fourteen days" of the settlement agreement's

28   execution.  Dkt. No. 96.  None of these events came to pass as represented.  The case languished

United States District Court
Northern District of California

1  in a state of total inactivity for approximately 15 months, which did not change until the Court, on

2  its own initiative, posted an order on December 10, 2021, noting that "[t]he parties have filed

3  nothing on the docket since September 2020."  Dkt. No. 97.  A pretrial conference was cancelled

4  because of the undue delay, and the case was administratively closed.  *Id.*

5         The Pomerantz firm did not respond to the order or do anything on behalf of their clients

6  for another couple of months.  On February 15, 2022, it asked to reopen the case.  Dkt. No. 98.

7  On March 1, 2022, the firm filed a motion for preliminary approval, which was 18 months after it

8  advised the Court of a settlement in September 2020.  Dkt. No. 102.

9         The preliminary approval motion made the situation considerably worse by failing to

10  address in a competent manner the factors required by Federal Rule of Civil Procedure 23 and our

11  District's Procedural Guidance for Class Action Settlements.  Overall, the preliminary approval

12  papers bore multiple signs of slapdash work, which the Court discussed in the course of denying

13  preliminary approval at a hearing.  *See* Dkt. No. 111.  The Pomerantz firm did not explain or even

14  acknowledge its 18 months of inactivity, other than to say without any apparent sense of irony that

15  the passage of time was one of the "risks inherent in further litigation" and a reason why the

16  proposed settlement should be approved.  Dkt. No. 103 at 10 ("these events occurred over five

17  years ago, and witness memories have likely faded").

18         When called to account for these issues at the preliminary approval hearing, attorney Louis

19  C. Ludwig of the Pomerantz firm stated that he was the "sole attorney" handling this case and that

20  he had experienced a family issue for an extended period of time that had prevented him from

21  managing this litigation.  This representation, which the Court accepts for present purposes, raises

22  serious questions about the manner in which the Pomerantz firm handles its fiduciary duties to its

23  clients.  The Court appointed the firm, not attorney Ludwig, as lead counsel in this case, and the

24  Pomerantz firm should have functioned as a team to carry out its fiduciary duties as class counsel.

25  *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 968 (9th Cir. 2009).  In addition, attorneys

26  practicing in this District are required to "[d]ischarge his or her obligations to his or her client and

27  the Court."  Civil L.R. 11-4(a)(5).  The Court has a special role to play when these obligations are

28  not met for putative class members, as the Court also has a "fiduciary duty to look after the

United States District Court
Northern District of California

interests of . . . absent class members." *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 895 F.3d 597, 610 (9th Cir. 2018) (quotations and citation omitted).

It was the Pomerantz firm's responsibility to prosecute this case to the fullest extent on behalf of its clients, which it has not done. The circumstances that left attorney Ludwig without adequate support or oversight, to the detriment of the named plaintiffs and the putative class, demand an explanation. Consequently, the Pomerantz firm is ordered to show cause in writing why the Court should not impose sanctions for the professional conduct violations outlined in this order. Local Rule 1-4 expressly provides that "[f]ailure by counsel or a party to comply with any duly promulgated local rule of any Federal Rule may be a ground for imposition of any authorized sanction." The Pomerantz firm is advised that sanctions may include, without limitation, a monetary fine, a referral to the Court's Standing Committee on Professional Conduct, suspension from practice within this District, and a dismissal of this case with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court may also consider remedies to prevent similar defaults in other cases where the Pomerantz firm might request a lead counsel appointment.

The written response is due by August 4, 2022. A hearing will be held on August 18, 2022, at 10:00 a.m. in Courtroom 11 of the San Francisco courthouse. The Court expects that the firm's managing partner, Jeremy A. Lieberman, will be present at the hearing and prepared to address the Court on these issues.

**IT IS SO ORDERED.**

Dated: July 21, 2022

_____
JAMES DONATO
United States District Judge